## Case No. 7,026.

INDSETH v. PIERCE et al.

[11 Chi. Leg. News, 256; 7 Reporter, 675.]

Circuit Court, D. Minnesota. 1879.[1]

J. C. McCluer and Palmer & Bell, for plaintiff.

Williston & Hall and Bigelow, Flandrau & Clarke, for defendants.

NELSON, District Judge. I find the following facts:

I. Pierce, Simmons & Co., bankers at Red Wing, on February 1, 1877, for value received, sold to the agent of the plaintiff a foreign bill of exchange of that date in the words following, viz.:

J. C. Pierce.    T. K. Simmons.    A. W. Pratt.

Pierce, Simmons & Co., Bankers.

Red Wing, Minn., Feb. 1, 1877.

Exchange for 15,441.50 kr.

At sight of this original of exchange (duplicate unpaid) pay to the order of O. A. Indseth fifteen thousand four hundred and forty-one 50-100 kroner, value received, and charge same to account of Sk-P., I. & Co., Chicago, as per advice from them.

Pierce, Simmons & Co.

To Christiana Bank of Kredit Kasse, Christiania, Norway.

No. 2,004.

II. I find that the plaintiff's agent sent the draft to the payee, which was received by him in Norway at his residence in Eidsvold, about fifty miles from Christiania, the place of business of the drawee on February 27, 1877, and was presented for payment on April 12, 1877, and payment was then and there refused, and the plaintiff, the

[1] [Affirmed in 106 U. S. 546, 1 Sup. Ct. 418.]

payee, caused the bill of exchange to be protested by a notary, which was done, and protest duly certified and authenticated in the manner and form and words as follows:

1587.

No. 3 { Coat of arms stamp. }   One crown—(26 2-5 cents.)

SCHOYEN. { For an amount of over 100 kr. & not over 150 kr. }

1877.

Notary Public in Christiania makes hereby known in the year 1877, April 12, there was delivered FALKYTTOR. to me from Mr. O. A. Indseth, by Anthony Bjerke, a bill of exchange reading as follows:

"Exchange for 15,441 50 100 kroner.

"Red Wing, Minnesota, February 1st, 1877.

"At sight of this original of exchange (duplicate unpaid) pay to the order of O. A. Indseth fifteen thousand four hundred and forty-one 50-100 kroner, value received, and charge the same to the account of Sk-P., I. & Co., Chicago, as per advice from them.

"Pierce, Simmons & Co.

"To Christiania Bank of Kredit Kasse, Christiania, Norway."

—With the request that the bill of exchange "de non salutione" might be protested. In accordance with this request, and as there was answered in Christiania Bank of Kredit Kasse that the firm in question had failed, protest was entered on the same day by me, and in presence of P. Eide, as witness, as it is hereby protested—in optima forma de non salutione—besides which the right of the owner of the bill of exchange to demand and receive from all concerned full restitution for exchange, interest, commission and all other costs, loss and damage already caused by such non-payment is reserved, in accordance with the statutes and laws concerning bills of exchange.

In witness of this, this protest of the bill of exchange is issued under my hand and official seal.

N. L. Jurgensen.    (Notarial seal.)

Paid 9 kr., nine kroner.    N. L. Jurgensen.

III. I find the defendants were notified that payment had been refused, by letter to the firm from the plaintiff, the payee, which letter was received by them at Red Wing, aforesaid, at least as early as May 15, 1877, and also by the original certificate of protest, and a translation shown Pratt, one of the defendants, about that date by the plaintiff's agent, to whom the protest was sent for that purpose.

IV. I find the time required to communicate by mail between the residence of the plaintiff in the kingdom of Norway and Red Wing, Minnesota, the residence and place of business of defendants, the drawers of the

bill of exchange, is between twenty and thirty days.

V. I find the two letters, copies of which are here given, were written and mailed to the plaintiff by the defendants on the days they bear date, and were received by the plaintiff in Norway on the 13th and 15th of March, respectively:

(Copies.)

Pierce, Simmons & Co., Bankers, Foreign Exchange and Passage Tickets.

Red Wing, Minn., Feb. 13, 1877.

Dear Indseth:—We are very much annoyed by learning that our notice of your last large draft was not received by our friends, and consequently not advised to Christiana, Bk., as we fear it will cause you trouble. We bought gold at best rates and gave draft to Boxrud same day. Still it will be all correct soon.

Hastily yours,                    Pratt.

We hope you will not be worried.

Pierce, Simmons & Co., Bankers, Foreign Exchange and Passage Tickets.

Red Wing, Minn., Feb'y 15, 1877.

Dear Friend Indseth:—Fearing that our last large draft might not be paid owing to loss of our advice, we to-day cause a cable dispatch to be sent to Christiana directing payment, so you will be put to no trouble or expense. Your kind favor of Jan. 15, rec'd. We telegraphed and bought gold at best rate for you and hope you will be satisfied with our action and rates. Business very dull—never saw it so at this season. Warm and pleasant here now.

Yours truly,      Pierce, Simmons & Co.

VI. I find the defendants had no money to their credit with the Christiania bank in Norway, when the bill of exchange was drawn, and depended for its acceptance and payment by the drawee upon the advice of Skow-Peterson, Isberg & Co., bankers of Chicago, to the Christiania bank to pay the same.

VII. I find the firm of Skow-Peterson, Isberg & Co., of Chicago, failed and made an assignment on March 21, 1877, and from February 28th to March 21, 1877, inclusive, had to their credit with Christiania bank money enough to meet this draft, but that no portion of the same had been set apart by the Christiania bank to meet this particular bill of exchange, and the assignee of Skow-Peterson, Isberg & Co. has received from the Christiania bank all moneys in its hands belonging to this firm.

VIII. I find the deposition of C. B. Bonnevie, a citizen of the kingdom of Norway, and a lawyer of seven years' practice at the supreme court, superior court and lower courts of the kingdom, was taken in the kingdom and he testifies that he is "familiar with the laws and rules relating to bills of exchange valid in the kingdom of Norway," and that "the Norwegian law of August 20, 1842, relating to bills of exchange, enacts in its paragraph one, that bills of exchange may be drawn with so long respite that they will fall due in Europe at the latest twelve months from their issue. Relating to sight drafts it is enacted in the paragraph two, that they shall be presented for acceptance so early that their time of payment falls within the time prescribed in the paragraph one. The provisions of the paragraph one, of the said law do evidently refer only to bills of exchange drawn within this country. The paragraph 2, refers exclusively to aviso bills, as it is not required in that country that sight drafts be presented for acceptance. * * * The laws of Norway do not establish any special rule concerning bills of exchange drawn in America and payable in Norway. The drawer of a bill whose liability is to be judged of under the Norwegian law will be exempt from any liability incident to the bill of exchange if the bill was not presented within a year from its issue: provided, however, he can prove that owing to the delayed presentation he suffered a loss in his accounts with the drawee. If he cannot prove that he is liable as if having only signed a simple bond. Our laws establish no rule concerning presentation of bills within a reasonable time."

IX. I find the law of Minnesota (Revision 1866, p. 526, tit. 7, § 53) enacts: "The existence and the tenor or effect of all foreign laws may be proved as facts by parol evidence, but if it appears that the law in question is contained in a written statute or code, the court may, in its discretion, reject any evidence of such law that is not accompanied by a copy thereof."

### Conclusions of Law.

I. The protest purporting to be sealed and the impression affixed to the notary's name, declared to be his seal, is sufficient, and upon general principles of commercial policy is accredited. [Townsley v. Sumrall] 2 Pet. [27 U. S.] 179; [Nicholls v. Webb] 8 Wheat. [21 U. S.] 326, 333; U. S. v. Wilson [Case No. 16,730]; 3 Phil. Ev. p. 1277, note 884; Id. p. 1053, note 704; Id. p. 1259; 3 Kent, Comm. p. 93, note b; Byles, Bills, p. 146; 20 Wend. 85, as to seal; [Pillow v. Roberts] 13 How. [54 U. S.] 473; Greenl. Ev. p. 6; Chit. Bills. p. 215.

II. The statute of the state of Minnesota is a rule of evidence which this court will apply, and, although the written foreign law may be proved by a copy properly authenticated, it is not requisite that all foreign written law be so proved. Tayl. Ev. 1231; Best, Ev. 31, 652; Pow. Ev. 302; 99 Mass. 253; 14 Mass. 455; [Ennis v. Smith] 14 How. [55 U. S.] 426; and authorities cited.

III. The presentment for payment to the Christiania Bank in Norway was in time to hold the drawer liable, on the refusal to pay,

and the notice to drawers of such refusal to pay and protest was legal and sufficient. [Clifton v. U. S.] 4 How. [45 U. S.] 245, and authorities cited.

IV. The plaintiff is entitled to judgment for the amount of the principal of the. bill of exchange, in dollars—$4,469.35—and interest thereon from April 12, at the rate of 7 per cent. per annum, to-wit: $616.14; in all, principal and interest, $5,085.49, with costs.